UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JASON SHERWOOD #388040          )
                                )
                                )
v.                              )    No.: 2:12-cv-50
                                )    *Greer/Inman*
DERRICK SCHOFIELD, TDOC Comm'r; )
RHUBEN HODGES, Asst. Comm'r;    )
DAVID SEXTON, NECX Warden;      )
MIKE SMITH, Unit Mgr;           )
F/N/U EPPERLY, Prison Guard; and)
F/N/U DOLLAR, Prison Guard      )

**MEMORANDUM and ORDER**

Jason Sherwood, a prisoner in the Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 in the United States District Court, Middle District of Tennessee, which transferred it to this Court. The complaint alleges unconstitutional conduct on the part of six defendants, two of whom are administrators with the Tennessee Department of Correction (TDOC) and four of whom are officials or guards at the Northeast Correctional Complex (NECX), in Mountain City, Tennessee, where plaintiff (by inference) was previously confined.

**I. Plaintiff's Allegations**

The gravamen of plaintiff's pleading is that, while a pat down search for contraband was being performed on him in the recreation area at the NECX on June 14, 2011, his right to maintain bodily integrity was violated and that a coverup ensued when he lodged

complaints about this incident and, perhaps, other incidents as well. More specifically, plaintiff alleges that defendant Epperly was conducting a pat- down search on him, during the course of which defendant made contact with plaintiff's genitals. When plaintiff turned to voice a complaint, defendant Dollar grabbed his arms, pushed him against an outside wall, handcuffed his arms behind his back, and applied leg chains, before patting him down. Defendant Dollar then pushed plaintiff back inside his assigned cell and called for a higher ranking officer. Corporal Baird responded to the summons, assessed the problem, and all three guards left. As a result of this incident, plaintiff was issued a disciplinary write-up for threatening defendants Epperly and Dollar.

Plaintiff also appears to be asserting that he was denied photocopies of the complaint and that he was also denied photocopies of other legal documents in the past, which hindered his pursuit of legal redress and (by inference) that a conspiracy existed to deny him equal protection of the law, (Doc. 1, Compl. at 3, 5). Plaintiff asks for compensatory and punitive damages for the infringement on his bodily integrity and the cover-up of these complaints by the TDOC administrator defendants.

## II. Screening the Complaint

The complaint must now be reviewed to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task,

2

a court must recognize that *pro se* pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements. For ease of discussion, the claims have been divided into separate categories. **A.** *Inconsistencies*

At the outset, the complaint is internally inconsistent, as plaintiff first claims that the pat-down search occurred on June 14, 2011, and later claims that this incident happened on September 14, 2011, (Doc. 1, Compl. at 1-2).[1] Furthermore, plaintiff's description of the physical contact also varies, as he first asserts that his genitals were "groped," but then lessens the degree of the contact by asserting that his genitals were "touched," *(id)*.

*A. Conspiracy Claim*

Plaintiff also cites to 42 U.S.C. § 1985(3) as authority for the rule that conspiring to deprive an individual of equal protection of the law is actionable, (Doc. 1, Compl. at 5.). The Court infers that he is alleging the existence of civil conspiracy to violate his rights. If this is what he is impliedly asserting, his claim is fatally flawed.

---

[1] The disciplinary report documents which have been submitted as part of plaintiff's pleading relates that the search complained of took place on June 14, 2011, so the Court will accept that date as the relevant date.

3

First of all, plaintiff does not offer any factual elaboration whatsoever to support that any constitutional infringement occurred, as he has not described the nature of the conspiracy, identified the actors in the conspiracy, or specified the actions taken by the conspirators in furtherance of the conspiracy. At the very least, plaintiff must assert with a degree of specificity explicit acts in which defendants engaged which were reasonably connected to the furtherance of the purported conspiracy; allegations of a conspiracy premised upon mere conclusions and opinions, as are these, need not be accepted as true and, thus, fail to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987) (holding that vague, conclusory accounts of a conspiracy and unconstitutional behavior are insufficient to state a civil rights claim).

Furthermore, it is a plaintiff's burden with respect to his § 1985 claims to show that a deprivation was caused by class-based discrimination. *Coker v. Summit County Sheriff's Department*, 90 Fed. Appx. 782, 788-89, 2003 WL 23140066, at *6 (6th Cir. Dec. 15, 2003) (citing *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992)). Plaintiff has not met that burden. Accordingly, plaintiff's implied assertion of the existence of a civil conspiracy lacks merit, is conclusory, and fails to state a § 1983 claim for relief

**B.** *Claims Against the TDOC Commissioner and the Assistant Commissioner*

Plaintiff asserts that the TDOC administrators, Commissioner Derrick Schofield and Assistant Commissioner Rhuben Hodge, covered up the complaints he made in his various

grievance appeals. Plaintiff further asserts that he has not received a reply to his appeals from defendants Schofield or Hodges and suspects that his complaints about the incident has been intercepted by TDOC administrators, (Doc. 1, Compl. at 2).

First of all, prisoners have "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Michigan Dept. of Corr.*, 128 Fed. Appx. 441, 445, 2005 WL 742743, *3 (6th Cir. Apr. 1, 2005) (listing cases); *see Adams v. Rich*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Also, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs*, 73 Fed. Appx. 839, 841, 2003 WL 22025373, *2 (6th Cir. Aug. 27, 2003). Likewise, the failure of a prison official to review favorably a grievance or an administrative appeal of a grievance provides no basis for section 1983 liability. *See Ramsey v. Martin*, 28 Fed. Appx. 500, 502, 2002 WL 169559, *1 (6th Cir. Jan. 31, 2002).

The Court finds that plaintiff has failed to state a claim against these two defendants.

## C. *Official-Capacity Claims*

Plaintiff seeks damages from defendants, though he does not indicate whether he is suing them in their individual or official capacities. Absent any express indication in plaintiff's pleading, it must be assumed that these defendants were sued in their official capacities, *see Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891

F.2d 591, 593-94 (6th Cir. 1989), unless the complaint or subsequent course of proceedings sufficiently apprizes defendants that they are being sued as individuals. *Moore v. City of Harriman*, 272 F.3d 769, 781 (6th Cir. 2001). Because nothing in the complaint suggests that defendants would be held personally liable for the alleged constitutional wrongs, the Court will assume that they are being sued in their official capacities.

Since these defendants are administrators, officials, and correctional officers of the TDOC, an agency of the State of Tennessee, the next step is to determine whether they enjoy immunity. The Eleventh Amendment to the U.S. Constitution bars claims for damages against a state, its agencies, such as the TDOC, and its employees in their official capacities, unless a state has waived its immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Tennessee has not done so. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986); *Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980); *see also* Tenn. Code Ann. § 20-13-102(a). Thus, defendants in their official capacities enjoy immunity from monetary liability in this action, which is the only type of relief requested in this lawsuit.

**D.** *Physical Injury Requirement*

A prisoner in a correctional facility who files a federal civil action cannot recover on the basis of mental or emotional injury suffered while in custody absent a showing of physical injury. 42 U.S.C. § 1997(e)(e). Plaintiff, who seeks only monetary damages, has not alleged a physical injury. Thus, he cannot recover damages in this action. *See Jackson v. Herrington*,

6

393 Fed. Appx. 348, 354, 2010 WL 3398900, *5 (6th Cir. Aug. 31. 2010) ("[A]bsent injury related to the strip search, [plaintiff's] Eighth Amendment claim is not cognizable under § 1997e(e).").

**E.** *Photocopy Claims*

Plaintiff maintains that he has been refused photocopies of this complaint and of legal petitions in the past, which has hindered his legal filings. He further maintains that no remedy for this alleged wrong has been provided by the Tennessee appellate courts, apparently referring to the state court's dismissal of his state court action, asserting the photocopy claims, for failure to pay a filing fee.

"The law is well settled that inmates do not enjoy a federally protected right in free photocopying services." *Tinch v. Huggins*, 2000 WL 178418, *1 (6th Cir. Feb. 8, 2000); *see Bell Bey v. Toombs*, 1994 WL 105900, *2 (6th Cir. Mar. 8, 1994). An inmate does have a First Amendment right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to succeed on a claim for denial of access to the courts, plaintiff must show that he has actually been impeded in his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This means a plaintiff "must plead and prove prejudice stemming from the asserted violation, [such as] the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Little field*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis*). Thus, plaintiff must demonstrate that the denial of his request for photocopying services prejudiced his ability to

7

litigate a legal matter. *Tinch v. Huggins*, 2000 WL 178418, *1-*2 (6th Cir. Feb. 8, 2000).

Plaintiff has shown no "litigation related detriment" to this or any other civil case or to any pending criminal case. *Pilgrim*, 92 F.3d at 416. Therefore, his allegation that he was refused photocopies of his legal documents fails to state a claim for denial of access to the courts.

**F.** *Claims Involving a Pat-Down Search*

Plaintiff maintains that inmates are subjected to a pat-down search when they return from recreation activities and that, on June 14, 2011, defendant Epperly groped or touched plaintiff's genitalia during such a search. Plaintiff further suggests that other inmates have filed complaints against this defendant for the very same reason.

The Eighth Amendment proscribes cruel and unusual punishments. A punishment is cruel and unusual when it inflicts unnecessary and wanton pain: Included among such punishments are those which are totally lacking in penological justification, *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and those which evince "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Yet, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component,

8

which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Where prison conditions are concerned, a sufficiently serious deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *McMillian*, 503 U.S. at 8-9.

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 82. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

The initial inquiry here is whether the alleged deprivation (i.e., the alleged touching or groping of plaintiff's genitalia) was "objectively harmful enough to establish a constitutional violation," in the context in which it was applied, as measured by society's contemporary standards of decency. *Jackson v. Madery*, 158 Fed. Appx. 656, 661-662, 2005 WL 3077136, *4 (6th Cir. Nov. 17, 2005) (quoting M*cMillian*, 503 U.S. at 7-8). In considering the question, the Court recognizes that the prohibition against cruel and unusual

9

punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *McMillian*, 503 U.S. at 9–10.

The Court does not see a constitutional violation here because plaintiff has not demonstrated an objectively sufficiently serious deprivation.

The context in which it occurred was a pat-down search and pat-down searches are a routine part of prison life. *Braasch v. Gunter*, 1985 WL 3530, *7 (D. Neb. July 15, 1985) (concluding that "pat down searches are a necessary part of prison security, and are conducted both regularly and at random on most inmates several times per day"). Due to security concerns, pat down searches are common occurrences in a correctional institution, as plaintiff acknowledges by means of his assertion that "[d]uring recreation, inmates are patted down for contraband," (Doc. 1, Compl. at 2). *See Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S.Ct. 1510, 1517 (2012) (observing that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities"); *Jacks v. Dyberg*, 2013 WL 2351334, *8 (C.D. Cal. May 16, 2013) (finding that the evidence showed that "pat-down searches of an inmate's groin, buttocks, and genital areas prior to leaving for court are necessary because these specific areas are commonly used to hide weapons, drugs and contraband").

The ordinariness and sanctioned nature of pat-down searches, which include a touching of the genitals, demonstrate that such searches do not violate "evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). To conclude otherwise would ignore the fact that pat-down searches are performed, not only on those associated with the criminal justice system or law enforcement, such as prisoners, arrestees, detainees, and citizens who are reasonably suspected of criminal activity, *see Terry v. Ohio*, 392 U.S. 1 (1968), but also members of the traveling public. Transportation Security Administration, http://www.tsa.gov/traveler-information/pat-downs (last visited July 17, 2013).

Secondly, plaintiff complains of a single alleged touching or groping incident during one routine, pat-down search. Courts have found, however, that a "frisking officer's contact with an inmate's genitals or private areas during a single pat-down search is insufficient to constitute an Eighth Amendment violation." *Wolfe v. Beard*, 2013 WL 2370572, *12 (E.D. Pa. May 31, 2013) (listing cases); *Young v. Brock*, 2012 WL 385494, *4 n.1 (D. Colo. Feb. 7, 2012) (noting that "[t]he caselaw is clear that such a single pat-down search cannot be said to violate the Constitution") (listing cases); *Tuttle v. Carroll County Detention Center*, 2010 WL 2228347, *1 (E.D. Ky. June 2, 2010) (listing cases); *Howard v. Taggart*, 2007 WL 2840369, *8 (N.D. Ohio Sept. 27, 2007) (Plaintiff "only alleges that the one incident and this is insufficient to establish an Eighth Amendment constitutional claim of cruel and unusual

11

punishment."). Likewise, the Sixth Circuit, considering an assertion that an inmate's buttocks were "rubb[ed] and grabb[ed] . . .in a degrading and humiliating manner during a shakedown," found that the incident was "isolated, brief, and not severe" and that it did not amount to cruel and unusual punishment. *Jackson v. Madery*, 158 Fed. Appx. 656, *662 (6th Cir. Nov. 17, 2005); *Henthorn v. Hester*, 1995 WL 299031, *2 (6th Cir. May 16, 1995) (No Eighth Amendment violation where, during two routine pat down searches which lasted only seconds, officer moved his "hands open-palmed with fingers together up Plaintiff's leg and inner thighs and touched his (Plaintiff's) testicles"); *cf. McMillian*, 503 U.S. at 12 (finding a possible Eighth Amendment violation and noting that "the violence at issue in this case was not an *isolated* assault") (emphasis added).

Also, the questioned pat-down search was conducted in the recreation area, in the presence of other inmates, and no sexual comments were alleged to have been made to plaintiff. *See Berryhill v. Schriro,* 137 F.3d 1073, 1076-77 (8th Cir. 1998) (inmate's allegation of "a brief touch to his buttocks last[ing] mere seconds," during a pat-down search, which was unaccompanied by "sexual comments or banter" did not satisfy objective component of Eighth Amendment claim); *Tarpley v. Stepps*, 2007 WL 844826, *5 (E.D. Mo. Mar. 19, 2007) (no Eighth Amendment violation occurred where inmate alleged that his buttocks were squeezed during two short searches, performed in front of other inmates, in a location where pat-downs were routine, without any sexual remarks being made). It does not

12

appear that the pat-down search was conducted in an improper manner. *See LeFlore'El v. Bouchonville*, 2013 WL 815985, 7 (E.D.Wis. Mar. 5, 2013) (instructing that a pat-down search includes feeling, with the hand,"into the groin area as far as possible," resulting "inevitably" in a touching of the inmate's genitals, and that, if no such touching occurs," the search is not being performed correctly")."

The complained of search was carried out in furtherance of a legitimate penological goal, to wit, to check for contraband. "Unquestionably, 'detect[ing] and deter[ring] the possession of contraband' is a legitimate penological objective [and a]bsent proof to the contrary, we must assume that a search of a prisoner is initiated in an effort to detect and deter contraband." *Stoudemire v. Michigan Dept. of Corrections*, 705 F.3d 560, 572 (6th Cir. 2013) (quoting *Florence*, 123 S. Ct. at 1517); *see Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir.1985) (holding that "routine pat-down searches, which include the groin area, and which are otherwise justified by security needs" do not violate the U.S. Constitution); *LeFlore'El*, 2013 WL 815985, at *8 ("The necessity of pat searches in prison is not disputed.").

For all these reasons, the Court concludes that plaintiff has not alleged a sufficiently serious deprivation so as to satisfy the objective component of an unconstitutional confinement condition. *See Helling*, 509 U.S. at 36 (requiring prisoner to show "the risk of which he complains is not one that today's society chooses to tolerate"). Thus, plaintiff has failed to state a claim under the Eighth Amendment claim.

### III. Motion for Summary Judgment

After this case was filed but before the complaint was screened, plaintiff submitted a motion for summary judgment, (Doc. 12). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because this case did not pass the screening test, summary judgment is not appropriate and plaintiff's summary judgment motion is **DENIED**.

### IV. Conclusion

Because the claims in this complaint fail to state a claim or have been pled against a defendant who enjoys immunity, this suit will be **DISMISSED** by separate order. 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE